UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEITH DICKSON,<br><br>                Plaintiff,<br><br>vs.<br><br>IDAHO DEPARTMENT OF CORRECTION,<br><br>                Defendant. | Case No. 1:20-cv-00039-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Keith Dickson was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After reviewing the Complaint, the Court has determined that Plaintiff will be required to amend his Complaint.

REVIEW OF COMPLAINTS

1. **Factual Allegations**

Plaintiff alleges that Laura Watson, an IDOC clinician, transferred him from an

Idaho medium security prison to a maximum security prison, even though his "custody points" place in the medium security classification range. Watson did so because Plaintiff suffers from seizures and represented that he would get better medical treatment there. However, Plaintiff asserts that he received more medical help at the medium security facility than he does at the new maximum security facility. He asserts that he is suffering from mental abuse, stress, physical abuse, and post-traumatic stress disorder (PTSD). *See* Dkt. 3.

## 2. Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs are required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. at 678. In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a

claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the amendments to the United States Constitution.

The Eighth Amendment to the United States Constitution protects prisoners who are convicted felons against cruel and unusual punishment. To state a claim under the Eighth Amendment, Plaintiff must state facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions—which is analyzed under an objective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Plaintiff must also allege facts showing that Defendants were deliberately indifferent to his needs—analyzed under a subjective standard.

As to the objective standard, the Supreme Court has explained that, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The United States Court of Appeals for the Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition

> that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

As to the subjective factor, to violate the Eighth Amendment, a prison official must act in a manner that amounts to deliberate indifference, which is "more than ordinary lack of due care for the prisoner's interests or safety," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Stated another way, deliberate indifference exists when an "official knows of and [recklessly] disregards an excessive risk to inmate health or safety," which means that an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838.

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Medical negligence or malpractice alone will not support a claim for relief under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). Rather, a constitutional tort requires the plaintiff show subjective deliberate indifference by bringing forward facts demonstrating that the defendant acted deliberately, intentionally, or so recklessly that the conduct can be equated with a desire to inflict harm. *See Farmer*, 511 U.S. 835-38. Likewise, gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power, but rather a "failure

to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

### 3. Discussion

#### A. *Claims against Idaho Department of Correction*

The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, unless that state waives its sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, Plaintiff cannot sue the Idaho Department of Correction, a state entity, in federal court. Instead, Plaintiff can sue those prison officials responsible for the alleged civil rights violations.

#### B. *Amendment*

Beyond naming a correct defendant or defendants, Plaintiff has failed to state plausible facts showing that Laura Watson or any other person has acted with deliberate indifference in transferring him to the maximum security facility for the purpose of obtaining better health care for his seizure disorder.

Perhaps Plaintiff has complained to Laura Watson or another person that, after his transfer, he is getting worse medical care than he received at the medium security facility. If so, he must state facts showing how the maximum security prison's care amounts to cruel and unusual punishment and meets the objective standard (not simply as a comparison to the care he was receiving before). The allegations of mental abuse, stress, physical abuse,

and PTSD must be supported by particular facts and must show a causal connect between an act or omission of a particular person and the injury suffered.

He must also state facts showing his claim meets the subjective standard—that Watson or another person failed to take steps to ensure that he receives constitutionally-adequate care after bringing it to their attention. Simply making a facility change for a good reason based on reasonable professional judgment is not actionable, even if the anticipated benefits do not come to fruition—without the additional information that the new care is constitutionally-inadequate (if it is) and that the defendant knew of and ignored a situation that he or she thought could result in significant injury or the unnecessary and wanton infliction of pain.

If the object of Plaintiff's complaint is to obtain better health care, then he may want to sue the health care officials at the new facility who are providing him with constitutionally-inadequate care. However, Plaintiff's allegations must not be simply that he disagrees with the treatment, or that it is "not as good" as treatment at the other facility. Rather, as described above, he must show that the treatment at the new facility is below Eighth Amendment standards.

While a maximum security prison certainly has more living restrictions than a medium security prison, Plaintiff cannot state an Eighth Amendment claim just by a mere comparison of conditions to a medium security facility. If that were the case, the entire population at the maximum security facility would have a cruel and unusual punishment claim. *See Breeden v. Jackson*, 457 F.2d 578 (4th Cir. 1972) ("the usual and accepted regulations imposed in maximum security ... neither amount to cruel and unusual

punishment or denials of equal protection of the laws").[1] A prisoner has no liberty interest in being classified at a particular level or in particular institution within the prison system. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1985); *Meachum v. Fano*, 427 U.S. 215, 255 (1976); *McCune v. Lile*, 536 U.S. 24, 38 (2002). Notwithstanding this case law, if a regular condition at the maximum security prison appears to be cruel and unusual punishment—and Plaintiff has plausible facts to support the objective and subjective prongs of the *Farmer v. Brennon* test *and* has exhausted the prison grievance system as to that condition, then he may bring such a claim.

### B. *Amendment of State Law Claims*

Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." In other words, the supplemental jurisdiction power extends to all state and federal claims ordinarily expected to be tried in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

On the face of his form Complaint, Plaintiff has checked the box indicating that he is also bringing state law claims against Defendants. He has not set forth any facts supporting a state law claim. That better medical treatment was available at a former facility is not a legal cause of action by itself. He may clarify these claims in his amended

---

[1] *Breeden* was abrogated as to the issue of solitary confinement, as recognized in *Latson v. Clarke*, 794 Fed.Appx. 266, 270 (4th Cir. 2019)(unpub.).

complaint.[2]

### 4. Conclusion

Plaintiff will be required to file an amended complaint because the original Complaint does not contain sufficient information to state a plausible claim upon which relief can be granted. The Court will permit Plaintiff to review his medical records to better assess whether he can state a claim.

Plaintiff should also review his grievances and include information in his amended complaint about when he has made oral and written requests for treatment and complaints about the lack of medical care, who treated him, who reviewed his complaints, what the responses to the complaints were, and how the responses and treatment provided were inadequate to remedy problems. In simplified terms, for each defendant Plaintiff includes in his amended complaint, he must state the "who, what, when, where, why, and how" of each allegedly wrongful act that each committed. Importantly, he must state facts from which a juror could reasonably infer that his medical treatment is objectively constitutionally inadequate and that each defendant acted deliberately, intentionally, or so recklessly that the conduct can be equated with a desire to inflict harm.

---

[2] To state a claim for negligence, a plaintiff must provide adequate factual allegations showing the following: "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of the defendant's duty; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) actual loss or damage." *Nelson v. Anderson Lumber Co.*, 99 P.3d 1092, 1100 (Idaho Ct. App. 2004). In addition, Idaho Code § 6-1001 provides for mandatory pre-litigation screening by the Idaho Board of Medicine "in alleged malpractice cases involving claims for damages against physicians and surgeons [not social workers] practicing in the state of Idaho or against licensed acute care general hospitals operating in the state of Idaho" (parenthetical added).

# ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint, together with a motion to review the amended complaint, within **60 days** after entry of this Order. He may instead desire to attempt to settle his issues with Defendants, or decide he does not have adequate facts to support his claims, and file a notice of voluntary dismissal

2. This Order authorizes Plaintiff to review his medical records by making an appointment with Corizon medical officials to do so. Corizon and Idaho Department of Correction officials are ordered to provide Plaintiff with reasonable access to review his medical records and allow him to take notes during his review. Plaintiff must comply with all Corizon and IDOC rules for the review of medical records.

3. Plaintiff's request for appointment of counsel (Dkt. 4) will be DENIED without prejudice, but will be reconsidered by the Court if he states an actionable claim in the amended complaint and if he meets the standards for appointment of counsel.

DATED: April 10, 2020

_____
David C. Nye
Chief U.S. District Court Judge